IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

REBECCA J. MASSEY,

           Plaintiff,

v.                              CIVIL ACTION NO.  5:09-cv-01118

GREEN TREE SERVICING, LLC,

           Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is the parties' Joint Motion and Stipulation for Remand [Docket 5]. This case was filed originally in the Circuit Court of Raleigh County, West Virginia, on September 10, 2009. Defendant removed the case to this Court on October 14, 2009, on the basis of diversity jurisdiction. The parties now seek a remand of the case back to the Circuit Court of Raleigh County on the grounds that Plaintiff is not seeking the remedy of debt cancellation, thus the minimum monetary requirement for diversity jurisdiction is not met.

This case arises out of a number of alleged violations of the West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code §§ 46A-1-101, *et seq*. Specifically, Plaintiff alleges that after he "became in arrears upon the alleged indebtedness to the Defendant, Green Tree, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff and through the United States Mail." (Docket 1-1 ¶ 5.) Plaintiff further alleges that "Defendant continued to cause telephone calls to be placed to the Plaintiff's residence," and "placed telephone calls to the Plaintiff's residential telephone number after it appeared that Plaintiff

was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained." (*Id.* ¶¶ 8, 10.)

Based on that conduct, Plaintiff filed the instant lawsuit alleging "repeated violations" of the WVCCPA, negligence, intentional infliction of emotional distress, and invasion of privacy. (*Id.* ¶¶ 12-26.) In the complaint, Plaintiff also stipulated that "the Plaintiff shall neither seek or accept an amount greater than $74,999.00 in this case, including any award of attorney fees, but excluding interest and costs." (Document 1-1 at 7.)

Defendant filed its Notice of Removal [Docket 1] on October 14, 2009, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In its notice, Defendant contended that the amount-in-controversy requirement was met because "the relief that may be granted to Plaintiff if he succeeds on all of his claims exceeds the minimum amount required for removal based on 28 U.S.C. § 1332." (Docket 1 ¶ 12.) Defendant arrived at this amount by assuming that Plaintiff is claiming at least eleven violations of the WVCCPA, at a maximum statutory penalty of $4,265.49 per violation, for a total of $46,920.39 in statutory damages. (*Id.* ¶ 14.) Defendant then added to that total $25,000 in attorney's fees, and assumed $2,807.97 in actual damages plus $25,271.73—a single-digit multiplier of nine times the amount of actual damages—in punitive damages to put Plaintiff's claims over the $75,000 threshold. (*Id.* ¶¶ 17, 19.) In addition, Defendant suggested that Plaintiff's request for debt cancellation would be as much as $31,129.66, Plaintiff's current debt with Green Tree, if Plaintiff was awarded declaratory judgment relief. (*Id.* ¶ 21.)

The parties filed their joint motion to remand on November 6, 2009, on the basis that Plaintiff will not seek the remedy of debt cancellation and Plaintiff's stipulation that "he will neither seek nor will accept an amount, in monetary relief, greater than $74,999.00." (Docket 5 ¶¶ 1, 3.)

2

Based on the joint stipulation, the parties' agreement, and the Court's review of the complaint, the joint motion to remand [Docket 5] is **GRANTED**. The Court hereby **REMANDS** this case to the Circuit Court of Raleigh County for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:       February 1, 2010

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE